UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

vs.  Case No.3:00-cr-411-J-12HTS

**IRVIN JOE FRAZIER**

---

ORDER

This cause is before the Court on the Defendant's *pro se* "Motion to Reduce Imposed Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ... " (Doc. 54), filed March 3, 2008. On March 20, 2008, the Court appointed the Federal Public Defender to represent the Defendant in this matter and directed counsel for the United States and counsel for the Defendant to confer in an attempt to reach a stipulation regarding the applicability of Amendment 706 to reduce the Defendant's sentence or to file memoranda in support of their respective positions. See Doc. 55. The United States' Response to Defendant's Request for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc.59) was filed on May 5, 2008. On that same date, Defendant Frazier's Memorandum Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. 60) was filed.

The Court has reviewed the submissions of the parties and record in this matter and finds that the Defendant is not entitled to a reduction of sentence. The Defendant pleaded guilty to Counts Two and Three of the Indictment charging him with carrying a firearm in relation to a drug trafficking crime and possession with intent to distribute cocaine base. The Court sentenced the Defendant to a term imprisonment of 110 months on Count Three

and five (5) years on Count Two, the sentences to run consecutively for a total of 170 months. The Defendant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, which automatically set his Offense Level at 32, based on the statutory maximum penalty, and his Criminal History Category at VI.

Eligibility for consideration under 18 U.S.C. § 3582(c) is triggered only by an amendment in U.S.S.G. § 1B1.10(c) that lowers the applicable guideline range. Accordingly, a reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c) and is not consistent with U.S.S.G. § 1B1.10(c) if the amendment does not have the effect of lowering the applicable guideline range because of the operation of another guideline or statutory provision. Because U.S.S.G § 4B1.1, the career offender provision, sets the Defendant's Offense Level at 32, Amendment 706 to the Sentencing Guidelines does not have the effect of reducing his Offense Level or guideline range and

therefore, he is ineligible for a further sentence reduction.[1] See U.S. v. Tingle, No. 08-1777, 2008 WL 1902055 (8th Cir. May 1, 2008). Accordingly, it is

**ORDERED AND ADJUDGED:**

That Defendant's pro se "Motion to Reduce Imposed Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ... " (Doc. 54) is denied.

**DONE AND ORDERED** this ___29th___ day of May 2008.

*/s/ Howell W. Melton*
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:   Defendant, pro se   AUSA (Frein)
             AFPD (Grant)        U.S. Probation (Coxwell)

---

[1] On pages 6-7 of his pro se motion (Doc. 54), the Defendant claims that the convictions contained in paragraphs 29 and 30 of his presentence investigation report are no longer eligible to be assessed points towards his criminal history score pursuant to "the Criminal History Amendment, called Amendment # 12." Presumably, the Defendant is referring to Amendment 709 to the U.S.S.G., effective November 1, 2007, affecting various provisions of the Chapter Four criminal history rules. For at least two reasons, the Defendant's assertions regarding any errors in his criminal history score do not change the Court's conclusion regarding the applicability of the Career Offender provision to establish his original sentencing range and his resulting ineligibility for a sentence reduction under the retroactive crack cocaine amendments.

First, Amendment 706 has not been made retroactive pursuant to U.S.S.G. 1B1.10, so 18 U.S.C. § 3582(c)(2) does not provide a basis for the Court to recalculate the Defendant's criminal history score. The Defendant also is not entitled to challenge the computation of his criminal history score pursuant to 28 U.S.C. § 2255, as more than one year has passed since his conviction became final and none of the grounds excusing the limitations period are presented in this case.

Second, the Defendant's Criminal History Category of VI was based upon the application of the Career Offender provision utilizing two *different* felony convictions for crimes of violence contained in paragraphs 27 and 28 of his presentence report, not on the aggregate amount of scored convictions or either of the two convictions the Defendant has identified. As a result, the Career Offender provision was properly applied and the Defendant is not entitled to a reduction of sentence based upon the crack cocaine amendments regardless of any changes in the guidelines regarding the calculation of criminal history points.